UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HECTOR L. ROSADO,

    Petitioner,

v.                                                        CASE NO. 6:06-cv-408-Orl-31JGG

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, *et al.*,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1, filed March 31, 2006). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8, filed August 29, 2006). Petitioner filed a reply to the response (Doc. No. 12, filed October 2, 2006).

Petitioner alleges a single claim for relief in his petition -- that he was deprived ineffective assistance of counsel when his trial attorney failed to file a notice of appeal as requested by Petitioner. Due to the untimeliness of Petitioner's filing, this Court cannot consider the petition.

*Procedural History*

On March 23, 2000, Petitioner was charged in an information in Osceola County, Florida, Case Number CR00-848 (the "Osceola County case"), with eleven criminal offenses: (1) four counts of robbery with a firearm (counts two, three, four and seven); (2) three counts of burglary of a structure with an assault or a battery (with a firearm) (counts one, six and eleven); (3) two counts of burglary of a conveyance (counts eight and nine); (4) burglary of a dwelling with an assault or a

battery (with a firearm) (count five); and (5) carjacking with a firearm (count ten). (Appendix I). Pursuant to a plea agreement, Petitioner pled guilty to carjacking (count ten), burglary of a dwelling with assault (with a firearm) (count five), burglary of a structure with assault (with a firearm) (count one), and four counts of robbery with a firearm (counts two, three, four and seven). (*Id.*).

On July 20, 2001, the trial court accepted Petitioner's plea, adjudged him guilty, and sentenced him to 22.89 years of imprisonment to run concurrently with a sentence of 22.89 years imprisonment in two Orange County cases.[1] On April 10, 2003,[2] Petitioner filed a petition pursuant to Rule 9.140(j) of the Florida Rules of Appellate Procedure requesting leave to file a belated appeal. (Appendix V). After an evidentiary hearing, and pursuant to the recommendation of a Commissioner for the Fifth District Court of Appeals, the state appellate court denied Petitioner's Rule 9.140(j) petition on August 7, 2003. (Appendix XI). Seven months later, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Appendix XIV). The Rule 3.850 motion was denied on March 11, 2004. (Appendix XV).

---

[1] On May 24, 2001, Petitioner was sentenced to 28.89 years imprisonment for carjacking and second degree felony murder in Orange County Circuit Court Case Nos. CR00-3787 and 00-3801 (the "Orange County cases"). On February 28, 2005, Petitioner filed a federal habeas corpus petition with regard to the Orange County cases, arguing that the same attorney complained of in the instant habeas action failed to file a notice of appeal in the Orange County cases. (Case No. 6:05-cv-307-Orl-28KRS, Doc. No. 1). United States District Judge John Antoon II, denied the February 2005 Petition as untimely. (*Id.* at Doc. No. 16). The Eleventh Circuit Court of Appeals denied Petitioner's request for a certificate of appealability and his motion for reconsideration. (*Id.* at Doc. Nos. 22 & 23). On October 24, 2006, the United States Supreme Court denied certiorari.

[2] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

On April 8, 2004, Petitioner filed a motion for a reduction of sentence pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure. (Appendix XVI). On April 27, 2004, the state trial court denied Petitioner's Rule 3.800(c) motion. (Appendix XVII).

On March 28, 2006, Petitioner filed the instant petition for writ of habeas corpus. (Doc. No. 1).

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his convictions became final to file his federal habeas corpus petition. Petitioner's state court judgment is dated July 20, 2001. Petitioner then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Since Petitioner did not file a direct appeal, his convictions became final on August 19, 2001, thirty days after the written sentence was rendered. Thus, he had through August 19, 2002, absent any tolling, to file his § 2254 petition. Petitioner did not file the instant habeas petition until March 28, 2006, more than three years after the one-year period of limitation ran on August 19, 2002. Thus, the instant habeas petition must be denied as untimely.[3]

### *Equitable Tolling*

Petitioner claims that the one-year period should be subject to equitable tolling because his counsel was ineffective in failing to file a notice of appeal, and because he remained in the custody of the county for a year after he was sentenced in the Osceola County case. (Doc. No. 1, at 3-4; Doc. No. 12, at 1-2). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

---

[3]Although Petitioner filed state habeas corpus petitions, the tolling provision of section 2244(d)(2) does not apply because the one-year period concluded before Petitioner initiated those proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

As a preliminary matter, Petitioner cannot establish that he had been pursuing his rights diligently. Twenty months passed after Petitioner was sentenced before he sought relief in any court. This period of time cannot be explained by Petitioner's purported belief that his appellate counsel had filed a notice of appeal.[4] Furthermore, Petitioner's allegations simply do not rise to the level of extraordinary circumstance beyond his control which warrant equitable tolling of the one-year period set forth in §2244(d). *See Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (one-year limitations period is not equitably tolled based on prison lockdowns or misplacement of legal papers); *Hood v. Galaza*, 47 F. Supp. 2d 1144, 1148 (S.D. Cal. 1999) (petitioner who claimed delays in photocopying materials and utilizing the prison law library services, as well as his lack of legal sophistication, failed to demonstrate extraordinary circumstances warranting equitable tolling of the one year deadline); *Armand v. Strack*, No. CV 98-6650, 1999 WL 167720, at *4 (E.D.N.Y. Feb. 19, 1999) (allegations that petitioner received poor legal advice and petitioner was unable to receive full assistance from the library staff were insufficient to justify equitable tolling).

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### *Conclusion*

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.  This case is **DISMISSED WITH PREJUDICE**.

---

[4] In fact, Petitioner concedes that he realized that no appeal was filed "several" months after his sentencing. (Doc. No. 1, at 4; *cf.* Doc. No. 12, at 2 (contending that he realized after "approximately eight months" that his attorney had not filed a notice of appeal)).

      2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

      **DONE AND ORDERED** at Orlando, Florida, this 27th day of November, 2006.

      GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 11/27
Hector L. Rosado
Counsel of Record